# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 26, 2005

## STATE OF TENNESSEE v. JOHN ALLEN, JR.

### Direct Appeal from the Circuit Court for Grundy County
### No. 3700     Thomas W. Graham, Judge

---

### No. M2005-00551-CCA-R3-CD - Filed January 18, 2006

---

Following a revocation hearing, the trial court revoked the probation of Defendant, John Allen, Jr., and ordered him to serve the remainder of his sentence in confinement. In his appeal, Defendant argues that the trial court erred in finding that he had violated the terms of his probation, and in revoking his probation and ordering that the sentence be served by incarceration. After a review of this matter, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Phillip A. Condra, District Public Defender; and Robert G. Morgan, Assistant Public Defender, Jasper, Tennessee, for the appellant, John Allen, Jr.

Paul G. Summers, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; James Michael Taylor, District Attorney General, and Steven H. Strain, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

Defendant was indicted on two counts of rape of a child, a Class A felony. Pursuant to a negotiated plea agreement, Defendant entered a plea of nolo contendere on June 16, 2003, to one count of attempted aggravated sexual battery, a Class C felony, and the trial court sentenced him to six years, all of which was suspended, and Defendant was placed on probation. A probation violation warrant was issued on September 8, 2004, alleging that Defendant had violated the terms of his probation by failing (1) to maintain employment; (2) to report as instructed; (3) to pay fees and court costs; (4) to provide a specimen for DNA testing; and (5) to comply with the Board of Probation and Parole Sex Offender Directives which required sex offender counseling.

At the probation revocation hearing, Jeff Thomas, Defendant's probation officer, testified that he started supervising Defendant in November 2003. Mr. Thomas stated that to his knowledge Defendant had not worked since he was placed on probation. According to Defendant's file, David Shinn, Defendant's previous probation officer, had granted Defendant permission to travel to Florida in July 2003 "for employment purposes," and Defendant returned to Tennessee in January 2004 when Mr. Thomas first saw Defendant.

Mr. Thomas said that Defendant was required to report to his probation officer twice each month. Mr. Thomas said that during 2004 Defendant reported once in January, twice in March, once in April, once in May, and once in July. Defendant did not report at all in February, June, or August. Mr. Thomas said that he would call Defendant, who would agree to come to the probation office, but then Defendant often would not show up. The probation violation warrant was filed in September 2004.

Mr. Thomas said that Defendant had not paid any of his court fees or costs. However, Defendant provided Mr. Thomas with a copy of a receipt for a DNA sample after Mr. Thomas filed probation violation warrant. Mr. Thomas said that he gave Defendant the names of a couple of facilities at which he could receive sex offender counseling, but Defendant told him that he could not afford to participate in any programs.

On cross-examination, Mr. Thomas said that the average cost for sex offender counseling was $90.00 per session. It was Mr. Thomas' understanding that Defendant would initially be required to attend counseling sessions once a week. Mr. Thomas said that he verbally told Defendant to report to him twice each month. Defendant told Mr. Thomas that he could not find a job because no one would hire him. Mr. Thomas secured the trial court's permission for Defendant to look for employment in Chattanooga, but Defendant did not find a job. Defendant told Mr. Thomas before the revocation hearing that he now had a job. Mr. Thomas acknowledged that the receipt indicated that Defendant provided a DNA sample on February 4, 2004.

The trial court asked Defendant about his criminal history, and Defendant testified that he only had convictions for traffic offenses. Defendant said that he had been charged with felony offenses before, but he was not convicted of those offenses. Defendant said he thought he was only required to report to Mr. Thomas once each month. Defendant said he reported at least once each month to a probation officer in Florida between July 2003, and February 2004, and performed one hundred hours of community service.

Mr. Thomas was recalled as a witness. He said that the NCIC report showed that Defendant was convicted of carrying a dangerous weapon in 1988 and placed on probation for ninety days. The report also showed arrests for theft of property over two hundred dollars in value in June 2000, and an arrest for theft of property in May 2001, but no disposition of the cases. Mr. Thomas said that his records did not reflect that Defendant reported to a probation officer or performed community service in Florida.

At the close of the revocation hearing, the trial court found that Defendant had violated the terms of his probation by failing to report to his probation officer as required, failing to maintain employment or pay his fees and costs, and failing to participate in the required counseling. The trial court revoked Defendant's probation and denied Defendant's request for a sentence involving split confinement. The trial court ordered Defendant to serve the rest of his sentence in confinement.

Relying on *State v. Jess R. Amonette*, No. M2001-02952-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 745 (Tenn. Crim. App., at Nashville, Aug. 29, 2002), *no perm. to appeal filed*, Defendant argues that the trial court failed to reflect a sufficient basis for revocation of Defendant's probation in its findings of fact and failed to consider other forms of alternative sentencing other than full incarceration. For instance, Defendant argues that the trial court did not consider his amenability to rehabilitation, and that there was no written evidence supporting Mr. Thomas' testimony that Defendant was required to report to him twice each month.

In *Amonette*, the trial court based its decision to revoke the defendant's probation on general deterrence to others, and made no findings in support of its revocation based on the testimony and evidence presented at the revocation hearing. A panel of this Court reversed the trial court's order of revocation of probation and remanded with instructions for the trial court to enter appropriate findings of fact and enter an order to reflect those findings.

In the case *sub judice*, however, the trial court specifically considered the testimony presented at the revocation hearing and found that Defendant had failed to report to his probation officer as required and had failed to participate in sex offender counseling as required by the terms of his probation. The trial court stated:

> I think he got his chance and he blew it. Pretty significantly did he blow it, and I'm not inclined under this long history of not reporting, to do anything other than just say let the State take care of it. . . . [H]e just hasn't done anything. He didn't get a job, he didn't report for counseling, he didn't report to his probation officer. He just hasn't done anything. Hadn't paid any fees, costs, anything. Hadn't asked to be relieved of fees and fines. I just think revocation is the only thing that can be done here. . . .

The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311. The trial court retains the discretionary authority to order the defendant to serve his or her original sentence in confinement. *See State v. Hunter*, 1 S.W.3d 643, 646 (Tenn. 1999). If the record contains substantial evidence to support the trial court's conclusion that a probation violation has occurred, no abuse of discretion will be found. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991).

Based on our review, we conclude that the record supports the trial court's finding that Defendant violated the terms of his probation, and we, therefore, find no abuse of discretion. The trial court was within its discretion to revoke Defendant's probation and had the statutory authority to order Defendant to serve his entire sentence in confinement.

## CONCLUSION

After review, we affirm the judgment of the trial court revoking probation and ordering Defendant to serve his sentence in confinement.

_____
THOMAS T. WOODALL, JUDGE